■ JEANNIE DiMARTINI, an Infant, by JEANETTE DiMARTINI, Her Mother and Natural Guardian, Respondent, v HOSPITAL OF ALBERT EINSTEIN COLLEGE OF MEDICINE et al., Defendants, and DAVID ROSENZWEIG, Appellant.—Order of Supreme Court, Bronx County (Barry Salman, J.), entered June 18, 1990, which denied defendant's motion for summary judgment to dismiss plaintiff's complaint, unanimously affirmed, without costs and without disbursements.

This is an action in medical malpractice for defendant's failure to diagnose the bilateral hip dysplasia of the infant plaintiff who was born in 1975. The parties concede that the child was born with this condition. In 1981, when the child was nearly six years old, she was first seen by defendant. Defendant moved for summary judgment on the ground that he did not depart from good and accepted standard of medical treatment and that he did not proximately cause plaintiff's alleged injuries. An affidavit by Dr. Lowenstein in support of the motion concludes that by the time defendant first saw the infant plaintiff surgery would have been contraindicated because the optimal time to perform surgery was long past due and surgery may have caused more symptoms than it treated. Plaintiff submitted an affidavit by Dr. Adar in support of her opposition to the motion that concluded that defendant's failure to diagnose and arrange for orthopedic treatment made her disability more severe and was a departure from good and accepted medical practice.

When reviewing a motion for summary judgment the focus of the court's concern is issue finding not issue determination. *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404.)* Plaintiff's affidavit by Dr. Adar raises a triable issue of fact as to the propriety of defendant's treatment requiring summary judgment to be denied. Concur—Milonas, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.